# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3585-19T4

STATE OF NEW JERSEY
IN THE INTEREST OF T.C.[1]

_____

Argued telephonically September 21, 2020 –
Decided October 6, 2020

Before Judges Rothstadt, Mayer and Susswein.

On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FJ-01-0369-20.

Elizabeth C. Jarit, Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Elizabeth C. Jarit, of counsel and on the briefs).

John J. Lafferty, IV, Assistant Prosecutor, argued the cause for respondent State of New Jersey (Damon G. Tyner, Atlantic County Prosecutor, attorney; John J. Lafferty, IV, of counsel and on the brief).

PER CURIAM

_____

[1] We use initials in accordance with R. 1:38-3(d)(8).

Upon leave granted, defendant T.C. appeals from an April 16, 2020 order denying a motion to dismiss a juvenile complaint charging him with murder. The murder charges against defendant stemmed from a shooting that occurred on May 27, 1996, when defendant was seventeen years old. Despite investigating the shooting death in 1996 and 1997, it was not until October 17, 2019 that defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1), and first-degree felony murder, N.J.S.A. 2C:11-3(a)(3). Defendant, now age forty-one, sought to dismiss the complaint based on the State's unreasonable prosecutorial delay. The motion judge rejected defendant's arguments for the reasons placed on the record on April 16, 2020, and in an April 28, 2020 written amplification. We affirm.

The facts leading to the charges against defendant are undisputed. The victim was shot and killed during a drug-related robbery in May 1996. The police interviewed several witnesses to the shooting between May 1996 and January 1997. According to the witnesses, defendant arranged to purchase marijuana from the victim. While defendant was negotiating with the victim to purchase drugs, co-defendant Lamarc Rex demanded the victim turnover his drugs and money. When the victim refused, Rex shot him twice with a .22 caliber handgun.

Between 1997 and 2019, four different prosecutors had an opportunity to review the case and pursue charges. In 2019, twenty-three years after the murder, the current Atlantic County Prosecutor filed charges against defendant.

Defendant moved to dismiss the charges, asserting the State's twenty-three year delay in prosecuting violated his right to due process and contravened the concept of fundamental fairness. Defendant argued there was no legitimate reason for the prosecutorial delay, and he suffered actual prejudice as a result. In support of his prejudice claim, defendant argued: (1) "his inability to avail himself of rehabilitative services through the juvenile court"; (2) absence of "records that could have substantiated his claim of trauma he experienced in his youth"; (3) "unique opportunities he may have received as a juvenile . . . are not available to him as an adult"; (4) "inability to prepare a defense because he is unable to interview State witnesses and potential defense alibi witnesses, some of whom are deceased, incarcerated[,] or otherwise unavailable"; and (5) the lengthy delay challenges his "ability to recall his own actions of the day."

He also argued there was no additional evidence or renewed investigation prior to the State's filing of the charges. According to defendant, the significant delay in the State's charging him with murder resulted in the loss of material witnesses. In addition, because defendant was forty-one years old at the time

the charges were filed, he was not eligible for prosecution as a juvenile. Further, defendant claimed various records helpful to his defense were no longer available.[2]

In considering defendant's motion, the judge applied the two-prong analysis in State v. Aguirre, 287 N.J. Super. 128, 132 (App. Div. 1996). Under that analysis, the defendant bears the burden of proving the State lacked any legitimate reason for the prosecutorial delay and the defendant suffered actual prejudice as a result of the delay. Ibid.

In assessing the first prong of Aguirre, the judge explained "the State has relied solely on the 1996 and 1997 reports gathered during its original investigation" and offered no new evidence against defendant. As a result, the judge concluded "the State has not demonstrated that it had [a] legitimate reason for the [twenty-three] year delay."

However, in applying the second prong of Aguirre, the judge concluded defendant failed to demonstrate actual and substantial prejudice that would

---

[2] Defendant claimed the following information was no longer available: files maintained by the Division of Child Protection and Permanency (Division) regarding defendant and a sexual assault allegation from 1994; files related to the murder of defendant's aunt in defendant's childhood home; and defendant's school records.

deprive him of the right to a fair trial. The judge explained defendant failed to set forth information he claims the unavailable witnesses would have offered. She noted the speculative nature of the prejudice offered by defendant and determined vague and conclusory assertions of prejudice based simply on the passage of time fell short of satisfying defendant's burden. See Aguirre, 237 N.J. Super. at 134. The judge expressly found

> [defendant's] argument regarding the prejudice he suffered based on the unavailability of witnesses due to the passage of time is speculative and conclusory. Because [defendant] has not specified with particularity which witnesses are unavailable, has not provided concrete evidence regarding how those witnesses would have assisted his defense, and has not attempted to contact those witnesses, he has not established actual prejudice by prosecutorial delay due to the unavailability of witnesses.

The judge also rejected defendant's actual prejudice argument based on his inability to avail himself of the juvenile justice programs and services that would have been available if the State filed the charges in 1996. The judge found "[d]efendant has not demonstrated how the lack of juvenile services jeopardizes his right to a fair trial." Nor did defendant "address whether similar supportive services and programs are available to him now, as an adult."

On appeal, defendant raises the following argument:

THE PROSECUTION OF [T.C.] FOR A TWENTY-THREE-YEAR-OLD CRIME FOR WHICH NO NEW EVIDENCE HAS BEEN OBTAINED SINCE 1997, WHERE THE GOVERNMENT PUT FORWARD NO REASONABLE OR LEGITIMATE REASON FOR THE DELAY, AND WHERE EVIDENCE NECESSARY TO THE DEFENDANT'S DEFENSE HAS BEEN LOST DUE TO THE PASSAGE OF TIME, VIOLATES DUE PROCESS AND FUNDAMENTAL FAIRNESS.

Defendant's contention runs contrary to our Supreme Court's pronouncement relating to pre-indictment delay. In State v. Townsend, 186 N.J. 473 (2006), the Court held that a defendant alleging a due process violation based on a twenty-year pre-indictment delay had the burden of satisfying two specific prongs. First, "the State's delay in seeking the indictment was a deliberate attempt to gain advantage over [the defendant]," and second, "the delay caused defendant actual prejudice in his ability to defend the charge." Townsend, 186 N.J. at 489 (citing United States v. Gouveia, 467 U.S. 180, 192 (1984)). We have held a defendant asserting prejudice resulting from the State's pre-indictment delay must show "'actual and substantial prejudice,' endangering [defendant's] right to a fair trial." Ibid. (citing State v. Alexander, 310 N.J. Super. 348, 355 (App. Div. 1998)). We emphasized the burden is "actual prejudice, not possible or presumed prejudice." Ibid. "Vague assertions of lost witnesses, faded memories, or misplaced documents are insufficient to establish

A-3585-19T4

a due process violation from pre-indictment delay." Ibid. (quoting United States v. Beszborn, 21 F.3d 62, 67 (5th Cir. 1994)).

Here, defendant offered no concrete evidence that the delay was to gain a tactical advantage over him and actually prejudiced his defense. The passage of time did not preclude a new county prosecutor from reviewing the evidence gathered in 1996 and 1997 and independently determining there was sufficient evidence to charge defendant with murder. Thus, defendant failed to demonstrate the State's delay in prosecution satisfied the first prong of Townsend.

Nor was defendant's inability to remember the incident of twenty-three years earlier sufficient to satisfy the prejudice prong under Townsend. Defendant also never proffered the substance of the testimony from the witnesses who were no longer available and failed to explain how such testimony would have benefitted his case to establish a due process violation from pre-indictment delay.

Defendant argues we should adopt the reasoning advanced by various federal courts addressing violations of due process based on prosecutorial pre-indictment delay.[3] The United States Supreme Court set forth its analysis for

---

[3] Defendant acknowledges that the federal courts are divided on this issue.

review of a motion to dismiss based on pre-indictment delay where a defendant can demonstrate "a deliberate attempt [by the government] to gain an unfair tactical advantage" or "reckless disregard of [the delay's] probable prejudicial impact upon the defendant's ability to defend against the charges." United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in United States Currency, 461 U.S. 555, 563 (1983). Under a federal line of cases, a burden shifting occurs once a defendant establishes prejudice. Under such circumstances, the federal courts assess the legitimacy of the government's reasons for delay and balance those reasons against the prejudice caused to a defendant to determine whether a defendant has been denied due process. See United States v. Sowa, 34 F.3d 447, 451 (7th Cir. 1994); Howell v. Barker, 904 F.2d 889, 895 (4th Cir. 1990).

Prior to Townsend, our Court had "not previously addressed the standard [that] should apply when evaluating a request to dismiss an indictment based on unreasonable delay between the date of the crime and the date the charge is presented to a grand jury." Townsend, 186 N.J. at 486. In Townsend, the Court considered federal precedent in United States v. Lovasco, 431 U.S. 783 (1977), and Gouveia, 467 U.S. at 192, to determine whether a delay in prosecution violated fundamental fairness and due process. Id. at 487-88. After considering

8

federal case law, the Court "appl[ied] the federal standard in determining whether a due process violation resulted from excessive pre-indictment delay," and adopted the above cited two-part test for reviewing a motion to dismiss based on unreasonable prosecutorial pre-indictment delay. Id. at 488-89.

The federal cases defendant relies on in pressing this court to deviate from Townsend were decided prior to 2006. The Court could have adopted the burden-shifting paradigm for review of motions to dismiss based on unreasonable prosecutorial delay in pursuing an indictment when deciding Townsend. However, the Court did not follow that approach. Our role as an intermediate court is a limited one, and we are bound to follow precedent of the Supreme Court of New Jersey. State v. Breitweiser, 373 N.J. Super. 271, 282-83 (App. Div. 2004). Thus, we decline defendant's invitation to adopt an analysis that varies from the standard articulated in Townsend.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3585-19T4